UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KNOW MIND ENTERPRISES, INC.
    a Florida Corporation,
    Plaintiff,

v.                                                                Case No. 8:06-cv-767-SCB-EAJ

WEB MERCHANTS, INC.,
    a Delaware Corporation,
    d.b.a. endenfantasys.com
EROS BOUTIQUE, INC.,
    a Massachusetts Corporation,
    d.b.a. erosboutique.org and erosboutique.com
ALTERNATIVE DESIGNS, LLC.,
    a Nevada Limited Liability Company,
    d.b.a. ilovxor.com
ANNA WICKER,
    an individual residing in New Jersey,
    d.b.a. domepuppy.com
FESTIVA PRODUCTS, LLC,
    a California Limited Liability Company,
    d.b.a. pleasuremenow.com
JOEL TUCKER,
    an individual residing in California,
    d.b.a. stockroom.com

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Joel Tucker's Motion to Dismiss Amended Complaint (Doc. No. 27), and Plaintiff Know Mind Enterprises, Inc.'s opposition to the motion (Doc. No. 28).

**I. Standard of Review**

"When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case

of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)(citation omitted).

"The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Id*. (citation omitted). Once the plaintiff pleads sufficient facts in its complaint to support the exercise of personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other competent evidence. *See Mold-Ex, Inc. v. Michigan Technical Representatives, Inc*., 2005 WL 2416824, at *2 (N.D. Fla. Sept. 30, 2005). If the defendant sustains its burden, the plaintiff is required to substantiate the allegations in the complaint by affidavits or other competent evidence. *See id*.; *Coastal Builders, Inc. v. Ficon Fabricators, Inc.*, 2005 WL 1005135, at *2 (S.D. Ala. April 29, 2005); *Kozial v. Bombardier-Rotax GMBH*, 129 Fed Appx. 543, 545 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1568 (2006). If the plaintiff substantiates the allegations in the complaint by affidavits or other competent evidence, the plaintiff's evidence is to be credited, even if it conflicts with the defendant's evidence. *See Coastal Builders*, 2005 WL 1005135, at * 2.

## II. Background

Plaintiff Know Mind Enterprises, Inc. ("Plaintiff") alleges the following in its amended complaint: Plaintiff, a Florida Corporation, is the owner of the trademark, "JUICER," for any purposes in relation to the marketing of sexual aids. (Doc. No. 15 ¶ 5). Plaintiff is also the sole and exclusive distributor in the United States of items bearing the "JUICER" trademark on sexual aids. *Id*.

Defendant Joel Tucker ("Defendant") is an individual residing in California.

(Doc. No. 15 ¶ 11).  Defendant does business as "stockroom.com," an interactive website that is available to users in the Middle District of Florida.  *Id*.  Plaintiff alleges that Defendant has been using Plaintiff's trademark to advertise his goods and to mark his goods.  *Id*.

Plaintiff asserts five claims against Defendant in its amended complaint:  (1) Trademark Counterfeiting, (2) Trademark Infringement, (3) False Designations of Origin, False Descriptions and Representations, (4) Trademark Dilution, and (5) Unjust Enrichment.  (Doc. No. 15 at pp. 13-23).  Defendant now moves to dismiss pursuant to Rule 12(b)(2), FEDERAL RULES OF CIVIL PROCEDURE, for lack of personal jurisdiction and Rule 12(b)(3) for improper venue.

### III. Jurisdictional Facts

Defendant is an officer of The Stockroom, Inc., a California S-corporation.  (Tucker Declaration ¶ 19).  The Stockroom, Inc. operates the website www.stockroom.com.  (Tucker Declaration ¶ 20).  On this website, customers are allowed to select merchandise, place orders, and pay for the merchandise over the internet.  (Doc. No. 28 at p. 9; Doc. No. 15 ¶ 20).

The Stockroom, Inc. advertises products using the "JUICER" trademark or marks confusingly similar to the "JUICER" trademark.  (Doc. No. 15 ¶ 20).  It also distributes, offers for sale, and sells its products bearing Plaintiff's mark on its website.  *Id*.  The Stockroom, Inc.'s use of Plaintiff's trademark is unauthorized and without Plaintiff's consent.  (Doc. No. 15 ¶ 20-23).

The corporate office of The Stockroom, Inc. is located in Los Angeles, California.  (Tucker Declaration ¶ 21).  All business records and employees of the website

www.stockroom.com are located in California. (Tucker Declaration ¶ 22-23). Plaintiff is a Florida Corporation with its principal place of business in Florida. (Doc. No. 15 ¶ 5)

**IV.  Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant argues that the Court cannot exercise personal jurisdiction over him, because:  (1) Defendant is a corporate officer, (2) Defendant's conduct does not give rise to personal jurisdiction under Florida's Long-Arm Statute, and (3) asserting jurisdiction over Defendant would violate due process.  For the reasons stated below, the Court rejects Defendant's arguments.

**1.    Although Defendant is a Corporate Officer, Personal Jurisdiction May Attach.**

Defendant argues that his employee-officer status in the corporation relieves him of personal jurisdiction in Florida. In support of this contention, he relies on *Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993), a Supreme Court of Florida case that addresses Florida's "corporate shield" doctrine. In *Doe*, the plaintiff was sexually assaulted while working alone in a convenient store owned and operated by Southland Corporation. *Id*. at 1005.  The plaintiff sued the defendant for gross negligence in failing to take adequate security measures to make the store reasonably safe. *Id*.  The defendant was the president and chief executive officer of Southland. *Id*.  The court held that long-arm jurisdiction did not exist over a nonresident corporate officer whose alleged negligent actions were not alleged to have been taken outside his duties as company president. *Id*. at 1006.

*Doe* is distinguishable from the present case.  Here, Defendant is being sued for

intentional misconduct, not negligence.[1]  Notwithstanding the "corporate shield" doctrine, a corporate officer committing intentional misconduct may be subject to personal jurisdiction.  *Id*. at 1006 n.1.  Therefore, this Court finds that Defendant is not protected from personal jurisdiction by the "corporate shield" doctrine.

### 2. **Defendant's Conduct Gives Rise to Personal Jurisdiction under Florida's Long Arm Statute.**

An assessment of personal jurisdiction consists of a two-part analysis.  See *Madara*, 916 F.2d at 1514.  First, this Court must determine whether there is a basis for personal jurisdiction over Defendant under the forum's long-arm statute.  *See id*.  Second, the Court must determine whether Defendant has sufficient minimum contacts with the forum to satisfy the Due Process Clause such that the maintenance of the suit in the forum would not offend traditional notions of fair play and substantial justice.  *See id*.

Plaintiff argues that Florida's Long-Arm Statute § 48.193(1)(B) applies to this case.  Section 48.193(1)(B) states that:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (B) Committing a tortious act within this state.

Florida Statute § 48.193(1)(B).  Florida Statute § 48.193(1)(B) applies to situations where a defendant commits a tortious act outside the state that causes an injury inside of the state.  *Posner v. Essex Insurance Co*., 178 F.3d 1209, 1217 (11th Cir. 1999).  Trademark infringement is a "tortuous act" within the meaning of this statute.  *See JB*

---

[1] In Plaintiff's First Amended Complaint, Plaintiff asserts that Defendant has engaged in activities that constitute willful and intentional infringement.  (Doc. No. 15 ¶ 21).

*Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1366 (S.D. Fla.1999).

Plaintiff alleges that Defendant committed the tortious act of trademark infringement.  Because Plaintiff is a Florida corporation with its principal place of business in Florida, injury from Defendant's actions will be suffered by Plaintiff in Florida, and as such, Defendant is alleged to have committed a tortious act within this state.  *Id*.  Accordingly, Plaintiff has satisfied Florida's statute on long-arm jurisdiction.

3. **Asserting Jurisdiction Over Defendant Does Not Violate Due Process**.

Plaintiff also satisfies the due process inquiry.  Specifically, the due process inquiry is a two-prong test.  First, Plaintiff must show that Defendant has established minimum contacts with Florida.  *See Madara*, 916 F. 2d at 1515-16.  Second, Plaintiff must show that the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  *See id*. at 1516.

a. **Minimum Contacts**

Plaintiff argues that Defendant's website satisfies due process requirements.  In *Zippo Manufacturing Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119 (W.D. Penn. 1997), the court discussed the effect of a defendant's website on personal jurisdiction analysis:

> [T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host

computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id*. at 1124 (internal and external citations omitted).

If a website allows the user to place orders on the website, then the website is not passive. *See Hartoy Inc. v. Thompson*, 2003 WL 21468079, at *5 (S.D. Fla. 2003). In the instant case, Defendant's website appears to fall within the "clearly doing business over the internet" or "active" side of the spectrum. The website advertises its products over the internet and allows customers to browse through its inventory. Moreover, the website allows customers to select merchandise, place orders, and pay for the merchandise over the internet. This Court finds that Defendant's website satisfies the minimum contacts inquiry.

### b.     **Traditional Notions of Fair Play and Substantial Justice**

"In the second prong of the due process analysis, the Court determines whether the maintenance of the suit is reasonable, and does not violate 'traditional notions of fair play and substantial justice.'" *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1230 (M.D. Fla. 2000) (citing *Int'l Shoe Co. v. State of Washington,* 326 U.S. 310 (1945)). The court in *Nida* set out five factors to consider, including: (1) the burden on the defendant in defending the lawsuit in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining most efficient resolution of the controversy; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Id.*

In the present case, the analysis of these factors weigh in favor of finding the

second prong of the due process analysis has been satisfied. The State of Florida has an obvious interest in adjudicating a trademark infringement action by one of its own citizens. Furthermore, one of Plaintiff's claims involves a Florida Statute; therefore, the State of Florida also has an interest in the utilization and interpretation of its laws. Moreover, Plaintiff has a strong interest in obtaining effective and convenient relief in Florida.

Although the burden on Defendant in defending a lawsuit in Florida is clearly significant, it is not so unreasonable as to outweigh the countervailing factors. When minimum contacts have been established, the interest of the plaintiff and the forum will usually justify the serious burdens placed on the alien defendant. *Id*. at 1232-33. Therefore, the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

**V.  Motion to Transfer Venue**

Defendant argues that pursuant to 28 U.S.C. § 1391, venue is improper in Florida, and, therefore, the case should be dismissed. In the alternative, Defendant moves this Court to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California.

1. **Proper Venue**

Venue is proper in Florida provided that a substantial part of the events giving rise to the claim occurred here. 28 U.S.C. § 1391(b)(2). The previous discussion of personal jurisdiction is dispositive of the fact that a substantial part of the events giving rise to the claims occurred here. Moreover, where more than one district is a proper forum, the court is not required to determine the "best" venue. *Lisseveld v. Marcus,* 173

F.R.D. 689, 700 (M.D. Fla. 1997). "The question to ask is whether the district plaintiff chose has personal jurisdiction over the defendants, whether or not any other forums had greater contacts." *Id.* This Court has personal jurisdiction over Defendant, and venue properly lies in the Middle District of Florida.

2. **Transfer Venue**

Defendant argues that since none of the defendants in this action reside in the Middle District of Florida, the case should be transferred to the United States District Court for the Central District of California. Defendant also contends that the interests of justice weigh in favor of transfer because of the hardship he will incur if forced to defend this claim in Florida.

In determining whether a case should be transferred, the Court must "'strike a balance on convenience between those elements which weigh in favor or transferring . . . and those which favor allowing plaintiff's choice of forum to stand undisturbed.'" *Oakes v. Whitten,* 685 F. Supp. 1228, 1229 (M.D. Fla. 1998) (quoting *Umbriac v. American Snack, Inc.,* 388 F.Supp. 265, 269 (E.D. Pa.1975)). Factors relevant to this Court's determination of whether California is a more convenient forum include: (1) convenience of the parties and witnesses; (2) ease of access to sources of proof; (3) ability to obtain witnesses; (4) location of relevant documents; (5) plaintiff's initial choice of forum; and (6) other problems and considerations. *See Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F.Supp. 281, 282 (M.D. Fla. 1996).

Defendant argues that California is a more convenient forum because his witnesses reside in California. However, Defendant neglects to consider the other named defendants in his transfer of venue analysis. A transfer to California would be more

convenient for only two out of the six named defendants as the majority of such defendants reside on the eastern coast of the United States. Moreover, Plaintiff resides in Florida. "In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum." *Oakes,* 685 F. Supp. at 1229. Therefore, the convenience of the parties and the witnesses weigh in favor of Plaintiff's choice of forum.

Also, there is an appropriateness in having the trial of a diversity case in the state whose law must govern the case. *Id*. Since Plaintiff seeks a claim for relief under Florida law, the interests of justice weigh in favor of Florida as the proper forum.

Only if Plaintiff's choice of forum is "clearly outweighed" by factors favoring transfer should this Court disregard Plaintiff's choice of forum and transfer the action. *Id*. Defendant has failed to carry his burden of showing that Plaintiff's choice is clearly outweighed by factors favoring a transfer of venue.

## VI. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss Amended complaint (Doc. No. 27) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge